IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY KUAN GONG, ) | 1:11cv02044 AWI DLB |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTIONS |
| ) | |
| vs. ) | (Documents 26, 27 and 28) |
| ) | |
| LEON PENATTA, et al., ) | |
| ) | |
| Defendants. ) | |

On December 12, 2011, Plaintiff Terry Kuan Gong, appearing pro se, filed this employment discrimination action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act and the Age Discrimination in Employment Act. Plaintiff paid the filing fee and the Clerk issued summonses on December 15, 2011.

There appears to be three named Defendants: (1) Leon Panetta, Secretary of Defense; (2) Thomas Demicke, an employee of the Department of Defense Education Activity; and (3) James Gordon, CEO of GET Marketing.

Plaintiff has previously filed motions regarding service of these Defendants and in ruling on the motions, the Court has attempted to provide information to assist Plaintiff in effectuating service.

On February 6 and 7, 2012, Plaintiff filed three new motions related to service.

1

1. <u>Defendant Panetta</u>

Plaintiff indicates that to serve Defendant Panetta, he has sent documents and money to United States Marshal Edwin D. Sloane in Washington, D.C., through the Japanese mail system. It appears that Plaintiff intended for Marshal Sloane to effectuate service and he now asks the Court to order Marshal Sloan to provide a status on service.

Plaintiff is not proceeding in forma pauperis and therefore, he is solely responsible for service. Moreover, the Court has previously explained that it generally does not have power to issue orders to entities or individuals that have not been brought within the jurisdiction of the Court. Accordingly, the Court DENIES his request to order a status update.

The Court again directs Plaintiff to Rule 4(i) of the Federal Rules of Civil Procedure for information on serving the United States and its employees. Rule 4(i) provides:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
> > (1) United States. To serve the United States, a party must:
> >
> > > (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> > >
> > > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> > >
> > > (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> > >
> > > (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> >
> > (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
> >
> > (3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

>> (4) Extending Time. The court must allow a party a reasonable time to cure its failure to:
>>> (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
>>> (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

To the extent that Plaintiff suggests that service cannot be accomplished because he does not have access to "conventional U.S. mail service," the Court is unable to provide a solution. There are entities in the United States that specialize in service of process and may be helpful to Plaintiff.

2. <u>Defendant Demicke</u>

Plaintiff states that he has attempted to obtain Mr. Demicke's address from the Department of Defense Education Activity Headquarters, but his request was denied due to privacy issues. Plaintiff now requests that the Court issue a subpoena to the Department of Defense Education Activity for Mr. Demicke's address.

Again, it is the sole responsibility of Plaintiff to obtain an address for service. The Court cannot assist Plaintiff and his request is DENIED.

3. <u>Defendant Gordon</u>

Plaintiff indicates that he has sent Lupe Valdez, Dallas County Sheriff, documents and money to effectuate service on Defendant Gordon, CEO of GET Marketing. Plaintiff provided Sheriff Valdez with the address of GET Marketing in Dallas, Texas. Plaintiff asks the Court to order the Sheriff to provide a status update on service.

For the reasons discussed above, Plaintiff's request is DENIED. Plaintiff is informed that it is not unusual for a Sheriff's Department to take some time to effectuate service.

**ORDER**

Therefore, Plaintiff's motions for status updates and addresses are DENIED. In recognition of Plaintiff's pro se status, this Court has provided Plaintiff with as much information related to service of process as possible. Plaintiff is advised that the Court cannot assist Plaintiff further in

3

effectuating service. Plaintiff's next filing with the Court should be either proofs of service of process, or a request to extend time for service.

IT IS SO ORDERED.

**Dated:   February 8, 2012**                              /s/ **Dennis L. Beck**
                                                                              UNITED STATES MAGISTRATE JUDGE

4