TERRY KUAN GONG, PRO SE LITIGANT
AZA AKAMICHI 596-11,
URUMA CITY, OKINAWA, JAPAN

E-Lodged Proposed Order 007.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY KUAN GONG, | Case No.: 1:11-CV-02044-AWI-MJS |
| Plaintiff. | BRIEF ON SERVICE OF SUMMONS |
| vs. | LEGAL AUTHORITY/EXPECTED RELIEF |
| LEON E. PANETTA, ET AL., | |
| Defendants. | |
| ARMY AIR FORCE EXCHANGE SERVICE | |
| JAMES K. GORDON, CEO, GET MARKETING INC. | |
| THOMAS DEMICKE, DOD EDCUATION ACTIVITY SCHOOLS EMPLOYEE | MICHAEL J. SENG U.S. MAGISTRATE JUDGE |
| DEPARTMENT OF DEFENSE INSPECTOR GENERAL OFFICE | |
| PACIFIC AIR FORCE - EQUAL EMPLOYMENT OPPORTUNITY OFFICE | |

Date: February 15, 2012

/s/ Terry Kuan Gong
TERRY KUAN GONG, COUNSEL
AZA AKAMICHI 596-11,
URUMA CITY, OKINAWA, JAPAN

Brief on Service of Summons

Page 1 of 3

TERRY KUAN GONG, PRO SE LITIGANT
AZA AKAMICHI 596-11,
URUMA CITY, OKINAWA, JAPAN

## BRIEF ON SERVICE OF SUMMONS

This is a brief on the Plaintiff's efforts as to Service of Summons to Defendants:

1. January 5th sent Service of Summons to DoD and GET Marketing using the U.S. Marshals and Dallas Sheriff respectively by Japanese registered Advice of Receipt (AR).
2. January 30, did not received any 'AR return cards, completed-sent packages directly to the Attorneys of sub-entities, follow-up letters to Marshals/Sheriff to discover the disposition, and sent summons to Thomas DeMicke's DoDEA Head.
3. Not receiving any AR February 8, Process Server sent via AR/local registered mail to all Defendants.
4. February 10th Plaintiff called US Marshals discovered they received and lost the summons/check and Sheriff just received and processed summons.

## LEGAL AUTHORITY / EXPECTED RELIEF

1. Rule 4 (l) (1) Summons_Exhibit15a-g Affidavit provided by Process Server.
2. Rule 4 (l) (2) (A) As to Thomas DeMicke, The American Service-Members' Protection Act (ASPA) or The Hague *Invasion* Act is for criminal not civil matters. There are no Diversity (EEO) Laws in Japan. Service of the Court's Order was done in the manner in which Japanese Court Orders would have been served. The Plaintiff is not an expert on international law, but the Defendant Thomas DeMicke did commit alleged prejudicial slander and libel by filing a complaint against the Plaintiff at his place of work, the AAFES Main Exchange on Kadena AB (DoD ETJ), the Japanese have no civil provisions regarding the violation of American Law on EEO matters on a U.S. Air Base.
3. Rule 4 (l) (2) (B) Summons_Exhibit08_Local_Japanese_Certified_Hand_Receipt_to_DeMicke, shows that addressee did accept a USDC summons package and he is a U.S. citizen and a DoD Employee.

TERRY KUAN GONG, PRO SE LITIGANT
AZA AKAMICHI 596-11,
URUMA CITY, OKINAWA, JAPAN

4. Rule 4 (m) The Plaintiff showed good cause for failure, due to the slowness of the U.S. Postal system, and U.S. Marshal's failure to provide service by receiving and loosing his bank check and summons addressed to the Secretary of Defense or to the Department of Defense (sub-entities AAFES, DoDIG, and PACAF).

The Plaintiff has put a great deal of effort into service to include losing a $200 check made to the Order of: U.S. Marshal's Service Washington DC. The Plaintiff is requesting the Honorable Michael J. Seng for special relief Rule 4 (l) (3) "Validity of Service; Amending Proof" five weeks from February 8th 2012, if no response or evidence of service is received.

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 15, 2012      /s/ Terry Kuan Gong
TERRY KUAN GONG, PRO SE LITIGANT